We concur in this opinion,
W. D. James?
W. Thompson.
The Chancellors Desaussure and Waties were of opinion that the decree of the Circuit Court ought to be affirmed, and delivered their opinion accordingly:
I have reconsidered the decree of the Circuit Court in this case, and I am satisfied that it is correct. By the act of 1791, abolishing the rights of primogeniture, passed in the year of our Lord 1791, if an intestate left no child, or other lineal descendant, but left a widow and a father or mother, the widow was declared to be entitled *420 to one moiety of the estate, and the father, (or if 1x8 be dead, the mother) to the other moiety. By this regula-' tipn, the father and mother were preferred in the case-stated, to the brothers and sisters of the intestate. This was considered an unjust preference, and the act of the 16th Dec. 1797, was passed; to correct the principle ‘f and it was enacted that if any person should die intestate;, leaving neither wife, child or lineal descendant, but leaving a father or mother, and brothers and sisters, (one or more) the estate, real and personal .of the intestate, should be equally divided amongst the father, (or if he be dead, the mother) and such brothers and sisters as may be living at the time of the death of such intestate; so that such father or mother, and each brother and sister, so left Jiving, should take an equal share of his estate, real ancj personal, with a proviso in favor of the issue of any de* ceased brother or sister. In the case under considera* tion, the intestates being females, left ho husbands or lineal descendants, but left a mother, who is one of the Complainants, and a half brother, Robert Carnes; who is the defendant; and he appears to come in under the general words ofthe act of 1797, which lets in brothers and sisters equally with a surviving parent of the intestate. But it is objected, that the act of 1797 does not expressly name brothers and sisters of the half blood. To this I answer, that it was unnecessary. In the construction of the Bi'itish statute of distributions, formerly of force here, the brothers and sisters of the half blood were let in equally with brothers and sisters of the whole blood, to the succession of intestates estates. And when the act of 1791 meant to discriminate between them, and postpone the half blood to the whole blood, in cases of personal, as well as real estate, it does so by express words. The omission of such words of discrimination, and preference of the whole blood, in the act of 1797, leaves a strong impression that the legislature did not mean to make the discrimination in the case stated ; or " at any rate we are left fi’ee to give the broad words of the act of 1797, their natural and full operation, and to a cbnsirtfction analogous fo the construction of the oíd siat- *421 ■ ute of distributions. But in reality, it is not necessary to go so- far, for I agree that the act of 1797 is to be construed in connection with'the act of 1791, both being passed in pari materia. The effect of the' regulations of the act of 1791, is to postpone the half blood to the whole blood, but not to exclude them. They are let in on failure of the whole blood, and equally with the children of the brothers and sisters of the whole blood. Even in the case of the widow of a childless intestate, (and the widow is the most favored relative of these laws) the brothers and sisters of the half blood are let in to a, moiety of the estate in default of brothers .and sisters of the whole blood, or to equal portions of that moiety with the children of brothers and sisters of the whole blood. These shew the intention of the legislature to provide for the half blood, secondarily to the whole blood. The act of 1797, makes no other alteration in the system, than to take away the exclusive tight of the parent in the case stated, to the estate of a wifeless and childless intestate, and to let in brothers and sisters. In the case under consideration, there is no brother or sister of the whole blood to answer the description, nor any of their children. But there is a brother of the half blood, who does answer the description, and who, (without prejudice to the rights of the whole blood, if there were any brothers and sisters of that description) docs seem to me entitled to the benefit of the act of 1797.
I am therefore of opinion, that tho decree of the Circuit Court judge should bo affirmed. ,
HeN&y W. Desatjssusb.